IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL PEDRO "PETE" GABALDON,
et al.,

        Plaintiffs,

vs.                                                                               Civ. No. 97-817 LH/WWD

DEBBIE JARAMILLO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion Regarding Outstanding Discovery Issues [docket no. 76] filed February 12, 1999. Defendants seek the production of certain documents which Plaintiffs claim are privileged. Defendants also seek to take certain depositions as a result of having identified witnesses through information and documents received after the discovery cutoff date. Finally, Defendants seek to take the deposition of a psychologist witness, Jack Lehman, who is not identified as an expert witness by Plaintiffs and whose records have not yet been received by Defendants.

*Documents Claimed to be Privileged*

Plaintiffs, upon the instruction of their counsel at the time, kept notes or notebooks concerning incidents which they felt would be relevant to the lawsuit. These notes would be furnished to Plaintiffs' counsel for trial preparation and they also would be used by Plaintiffs to refresh their recollection. I find that the notebooks in question are shielded by the attorney/client privilege; however, if this privilege is to be claimed, the notes cannot be offered at trial to

-1-

corroborate statements made by the persons who prepared the notebooks, nor can the Plaintiffs utilize the notebooks to refresh their recollection while they are testifying at trial. In the event that Plaintiffs use the notebooks to refresh their recollection <u>prior</u> to testifying, the trial judge will determine under the circumstances then present, and considering "the interests of justice"[1], whether the notes should be produced in their entirety to the Defendants.

*Additional Depositions*

Defendants seek to take the deposition of Jack Lehman, a psychotherapist who counseled Plaintiffs, and who will not be called by Plaintiffs as a witness. Defendants had adequate opportunity to depose Jack Lehman during the time allowed for discovery. Defendants' failure to press the matter of the production of Lehman's records and the delay that resulted from that failure does not justify allowing the taking of Lehman's deposition after the expiration of the discovery period. The same rationale applies to the unnamed witnesses from Lovelace Clinic who, in Defendants' words, "may need to be deposed."

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion Regarding Outstanding Discovery Issues be, and it is hereby, **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Derderian v. Polaroid Corporation, et al.</u>, 121 F.R.D. 13, 15 (D. Mass. 1988).